IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § § § § § § § | |
| | CASE NUMBER 6:14-CR-00009-JDK |
| **v.** | |
| **JOSHUA QUICK,** | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On February 9, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Quick. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Receipt of Child Pornography, a Class C felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on total offense level of 35 and criminal history category of I, was 168 to 210 months. On February 10, 2015, due to a binding plea agreement, U.S. District Judge Leonard E. Davis of the Eastern District of Texas sentenced Defendant to 120 months imprisonment, followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, sex offender registration, sex offender treatment and testing, restrictions from contact with minors, restrictions on access to internet-capable devices, computer monitoring requirements, restrictions from photo equipment, restrictions from sexually explicit material, and sex offender search requirements.

1

On August 3, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On November 16, 2023, the conditions were modified to include placement in a residential reentry center for a term of 180 days.

Under the terms of supervised release, Defendant was required to answer truthfully all inquiries by the probation officer and follow all instructions of the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release on November 15, 2023, and January 31, 2024, when Defendant admitted that he was dishonest with the probation officer during routine inquiries regarding multiple violations of his conditions of supervision.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release, or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 6 months imprisonment, followed by a 9-year term of supervision to include all previous standard and special conditions of supervised release and the following additional and modified special conditions:

- (1) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days to commence immediately upon release from confinement and must observe the rules of that facility. Should you obtain a residence approved by the probation officer at any time during the

    180-day placement, you must be released. While at the center your subsistence fees owed to the residential reentry center will be waived in full, and you will be required to save at least 25% of your gross income while at the facility and provide verification of such to the probation officer.

(2) You shall not purchase, possess, have contact with, or ingest any alcohol or related intoxicant. You shall not enter any establishment, area, or location where the primary function is the sale and/or dispensing of alcoholic beverages for on- or off-premises consumption.

(3) You shall participate in a program of testing and treatment for alcohol abuse, under the guidance and direction of the U.S. Probation Office, until such time as you are released from the program by the probation officer. You shall pay any cost associated with treatment and testing.

(4) You must participate in a sex offender treatment program. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session.

(5) You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program and pay any costs associated with testing as required by the U.S. Probation Office.

(6) You must submit to periodic psycho-physiological assessments and/or testing for the purpose of sex offender evaluation through the sex offender treatment provider at the discretion of the probation officer. You must pay any costs associated with the assessment and/or testing.

(7) You also shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, without prior permission from the probation officer. You shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate.

(8) You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. You must not use any device other than the one you are authorized to use. You must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your computer usage. You must

advise anyone in your household that may use any computer in question that monitoring software has been installed.

The court therefore **RECOMMENDS** that Defendant Joshua Quick's plea of true be accepted and that he be sentenced to 6 months imprisonment, followed by a 9-year term of supervision to include all previous standard and special conditions of supervised release and the additional and modified conditions of supervised release detailed above. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Seagoville, Texas, or FCI Oakdale, Louisiana, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 9th day of February, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

4